<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 15-4122**

_____

UNITED STATES OF AMERICA,

                 Plaintiff - Appellee,

     v.

ANTHONY LUCAS,

                 Defendant - Appellant.

_____

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.  Irene M. Keeley, District Judge.  (1:15-cr-00009-IMK-JSK-1)

_____

Submitted:  August 27, 2015       Decided:  September 18, 2015

_____

Before NIEMEYER, GREGORY, and FLOYD, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

Katy J. Cimino, Assistant Federal Public Defender, Clarksburg, West Virginia, for Appellant.  Shawn Angus Morgan, Assistant United States Attorney, Clarksburg, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony Lucas appeals his conviction and 24-month sentence imposed following his guilty plea, pursuant to a written Fed. R. Crim. P. 11(c)(1)(C) plea agreement, to assaulting a federal officer resulting in injuries, in violation of 18 U.S.C. § 111(a)-(b) (2012). On appeal, Lucas' counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether the district court complied with Rule 11 during the hearing accepting Lucas' guilty plea. The Government has moved to dismiss the appeal based on the appellate waiver provision of the plea agreement. We dismiss.

We review de novo the validity of an appeal waiver. United States v. Copeland, 707 F.3d 522, 528 (4th Cir.), cert. denied, 134 S. Ct. 126 (2013). A defendant's waiver of his appeal rights is valid if he agreed to it "knowingly and intelligently." United States v. Manigan, 592 F.3d 621, 627 (4th Cir. 2010). Upon review of the plea agreement and the transcript of the Rule 11 hearing, we conclude that Lucas knowingly and voluntarily waived his right to appeal and that the issue Lucas seeks to raise on appeal falls squarely within the compass of his waiver of appellate rights.

Accordingly, we grant the Government's motion to dismiss. This court requires that counsel inform Lucas, in writing, of

the right to petition the Supreme Court of the United States for further review.  If Lucas requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Lucas.

We dispense with oral argument because the facts and legal contentions are adequately presented in the material before this court and argument will not aid the decisional process.

DISMISSED

3